831 F.2d 1058
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Carl E. McAFEE, Defendant-Appellee.
 No. 87-5572.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 24, 1987.
Decided Oct. 20, 1987.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CR-87-0018-R).
 John P. Alderman, United States Attorney, Richard W. Pierce, Assistant United States Attorney, on brief, for appellant.
 John P. McGeehan, John P. McGeehan & Associates, S.D. Roberts Moore, Gentry, Locks, Rakes & Moore, on brief, for appellee.
 W.D.Va.
 REVERSED AND RREMANDED.
 Before WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The United States appeals the district court's dismissal of Counts Four and Five of a five-count indictment returned by a Virginia grand jury against Carl E. McAfee. The issue involved in Counts Four and Five is whether there is criminal liability for splitting a currency transaction into several transactions of less than $10,000 in an effort to keep the bank unaware of its duty to file a currency transaction report (CTR) with the IRS on the total transaction. The district court held that no crime was committed because there was no one transaction that exceeded $10,000 and therefore, no financial institution had a duty to file a CTR.
 
 
 2
 Subsequent to the district court's dismissal of Counts Four and Five we decided United States v. Richeson, No. 86-5122L, slip op. (4th Cir. July 23, 1987). In Richeson the defendant, in order to avoid the filing of CTR's with the IRS, "structured total daily deposits of over $10,000 into multiple deposits of less than $10,000 which he made with separate tellers or separate branches." Slip op. at 5. The court held that "by operation of [18 U.S.C.) Section 2(b), Richeson's willful intent to cause a concealment, combined with the financial institutions duty to report and its innocent failure to report, constitute[d] the elements of actionable concealment under [18 U.S.C.] Section 1001."
 
 
 3
 In the instant case, ten cashier's checks, all for under $10,000 were purchased for cash on the same day at three separate banks. The total amount of the checks purchased at each bank exceeded $10,000.
 
 
 4
 Since the facts and issues of the instant case are, in all significant respects, indistinguishable from those of Richeson, we find that Richeson is controlling.
 
 
 5
 Accordingly, we reverse the judgment of the district court and remand the case for further proceedings.[1]
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 [1]
 McAfee argues that United States v. Richeson does not resolve the question of criminal liability of an attorney who counselled a client to structure a transaction prior to the Richeson decision and that we should decide the issue. McAfee's argument raises a potential defense to the required criminal intent, but that defense must be further developed at trial. We are not in a position to rule on the issue at the present time